UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TOMMIE PITMAN and
RICHARD PITMAN,

        Plaintiffs,                CASE NUMBER: 3:17-cv-78

vs.

KIMBERLY WEAVER and
SOUTHERN OWNERS INSURANCE
COMPANY,

        Defendants.

_____/

**DEFENDANTS' NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW**

Defendants / Petitioners, KIMBERLY WEAVER ("WEAVER") and SOUTHERN OWNERS INSURANCE COMPANY ("SOUTHERN OWNERS") (collectively "Defendants"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, respectfully petition this Court for the removal of the above-captioned action from the Circuit Court in and for Escambia County, Florida, to the United States District Court for the Northern District of Florida, Pensacola Division. In support of their Petition, Defendants state as follows:

1. TOMMIE PITMAN ("T. PITMAN") and RICHARD PITMAN ("R. PITMAN") (collectively "Plaintiffs") filed an action against WEAVER and

SOUTHERN OWNERS in the Circuit Court of the First Judicial Circuit, in and for Escambia County, Florida, Case Number 2016 CA 001833, on or about November 15, 2016.

2. Upon information and belief, Plaintiffs are citizens of the State of Florida.

3. WEAVER is a citizen of the State of Alabama. WEAVER is not a citizen of the State of Florida for purposes of diversity jurisdiction.

4. SOUTHERN OWNERS is incorporated in the State of Michigan, with its principal place of business in Lansing (Eaton County), Michigan. Therefore, SOUTHERN OWNERS is a citizen of the State of Michigan. SOUTHERN OWNERS is not a citizen of the State of Florida for purposes of diversity jurisdiction.

5. The amount in controversy in the present action exceeds $75,000.00.

6. In accordance with 28 U.S.C. § 1446(b), Defendants' Notice of Removal has been filed within thirty (30) days of service of Plaintiffs' Complaint on SOUTHERN OWNERS.

7. True and legible copies of all "process, pleadings, and orders" served upon Defendants in the state court action are submitted herewith, as required by 28 U.S.C. § 1446(a). Copies of these documents are attached hereto as composite Exhibit "A."

Pursuant to Northern District Local Rule 7.2(A), Defendants are also including with Exhibit "A" all documents that have been filed or served in the state court case.

8. Defendants have paid the removal fee contemporaneously with the filing of this Notice of Removal.

## MEMORANDUM OF LAW

The statutory requirements for removal of the present matter from the Escambia County Circuit Court to the United States District Court for the Northern District of Florida, Pensacola Division, have been met. Any civil action brought in state court may be removed by the defendant or defendants to federal court in the district and division embracing the place where such action is pending, provided that the action could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a); *Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000); *Rudnick v. Sears, Roebuck and Co.*, 358 F.Supp.2d 1201, 1204 (S.D.Fla. 2005). To remove a suit based on diversity jurisdiction, the action must be between citizens of different states. *See* 28 U.S.C. § 1332(a). Furthermore, the amount in controversy in a diversity action must exceed $75,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a).

When the subject matter jurisdiction requirements of 28 U.S.C. § 1332 are met, *i.e.*, the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs, the only remaining question is whether the

removing party has satisfied the procedural requirements for removal. According to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..." 28 U.S.C. § 1446(b); *see also Liebig v. DeJoy*, 814 F.Supp. 1074 (M.D.Fla. 1993). Where there are multiple defendants, each defendant that has been served in the action must consent to removal. *See Barr v. Jefferson County Barber Commission*, Slip Copy, 2016 WL 6822087 (N.D.Ala. 2016). The thirty day removal period begins to run from the date on which the last-served defendant was served. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008). The defendants seeking removal bear the initial burden of alleging federal jurisdiction. *See Wright v. Continental Cas. Co.*, 456 F.Supp. 1075, 1078 (M.D.Fla. 1978).

Defendants have met the statutory requirements for removal of this action to federal court; therefore, removal is proper and appropriate. First, there is complete diversity of citizenship among the parties. Upon information and belief, and according to the allegations set forth in their Complaint, Plaintiffs are citizens of the State of Florida. Defendant WEAVER is a citizen of the State of Alabama, as she resides in Alabama and intends to remain in Alabama indefinitely. *See Travaglio v.*

*American Exp. Co.*, 735 F.3d 1266 (11th Cir. 2013) ("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. And domicile requires both residence in a state and 'an intention to remain there indefinitely.'") (internal citations omitted). Defendant SOUTHERN OWNERS is a citizen of the State of Michigan, as it was incorporated in Michigan, and its principal place of business is in Michigan. *See Camper & Nicholsons International, Ltd. v. Blonder Marine & Charter, Inc.*, 793 F.Supp. 318, 319 (S.D.Fla. 1992); *see also* 28 U.S.C. § 1332(c).

In addition, the statutory requirement that the amount in controversy exceed $75,000.00 has been met, as Plaintiffs seek to recover more than $250,000.00 in the present action. Exhibit "A" to Plaintiffs' Complaint is an insurance disclosure from Farmers Insurance, WEAVER's insurance carrier. The disclosure reveals that WEAVER carries $250,000.00 per person in Bodily Injury coverage. Count III of Plaintiffs' Complaint alleges that WEAVER ". . . carried insufficient limits of bodily injury liability coverage to pay for the full damages claimed by the plaintiff at the time of the accident." Therefore, Plaintiffs claim entitlement to benefits pursuant to their Uninsured Motorist coverage with SOUTHERN-OWNERS. As such, it is clear that Plaintiffs seek to recover far more than the jurisdictional threshold of this Court in the present action.

Finally, Defendants have complied with the procedural requirements, including the time requirements, set forth in 28 U.S.C. § 1446(b). SOUTHERN-OWNERS was served with Plaintiffs' Complaint on January 4, 2017, and Defendants have jointly filed the present Notice of Removal within thirty (30) days thereof. While WEAVER was served with Plaintiffs' Complaint more than thirty days ago, the date of service on WEAVER is irrelevant to this Court's consideration of the timeliness of the present Notice. The Eleventh Circuit Court of Appeals has adopted the last-served test, which mandates that removal is timely if made within thirty (30) days of service on the last-served defendant which, in this case, was SOUTHERN-OWNERS. *See Bailey*, 536 F.3d at 1209 ("We hereby adopt the last-served defendant rule, which permits each defendant, upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b)."); *see also* 28 U.S.C. § 1446(b)(2)(C). Furthermore, all properly served defendants have consented to and join in the present Notice.

For the reasons explained herein, removal of Plaintiffs' action against Defendants from the Circuit Court in and for Escambia County, Florida, to the present Court is appropriate.

**WHEREFORE**, Defendants / Petitioners KIMBERLY WEAVER and SOUTHERN-OWNERS INSURANCE COMPANY respectfully request that the action now pending against them in the Circuit Court in and for Escambia County,

Florida, be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law, and grant such further relief as this Court deems just and appropriate.

Respectfully submitted this 30th day of January, 2017.

S/ Megan M. Hall
MEGAN M. HALL
Florida Bar No. 0041695
Wilson, Harrell, Farrington, Ford,
   Wilson, Spain & Parsons, P.A.
307 South Palafox Street
Pensacola, Florida 32502-5929
Post Office Drawer 13430
Pensacola, Florida  32591-3430
(850) 438-1111
mhall@whsf-law.com
kmanning@whsf-law.com
patricia@whsf-law.com
*Attorney for SOUTHERN OWNERS INS. CO.*

S/ Courtney F. Smith
RANDALL G. ROGERS
Florida Bar No.: 195626
COURTNEY F. SMITH
Florida Bar No. 67388
Cole, Scott & Kissane, P.A.
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
(850) 483-5900
randall.rogers@csklegal.com
Courtney.Smith@csklegal.com
roxane.hale@csklegal.com
*Attorney for KIMBERLY WEAVER*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following via regular U.S. mail and electronic mail this 30th day of January, 2017.

**David Lee Sellers, Esquire**
**919 North 12th Avenue**
**Pensacola, Florida 32501**
david@davidleesellers.com
dlsservice@davidleesellers.com
*Attorney for Plaintiffs*

S/ Megan M. Hall
MEGAN M. HALL
Florida Bar No. 0041695
Wilson, Harrell, Farrington, Ford,
  Wilson, Spain & Parsons, P.A.
307 South Palafox Street
Pensacola, Florida 32502-5929
Post Office Drawer 13430
Pensacola, Florida  32591-3430
(850) 438-1111
*Attorney for Defendant*
mhall@whsf-law.com
kmanning@whsf-law.com
patricia@whsf-law.com