Reviewed by KJ
1/9/2017

 CT Corporation

**Service of Process
Transmittal**
01/04/2017
CT Log Number 530439188

**TO:**   William Woodbury, Asst. VP & Asst. General Counsel
AUTO-OWNERS INSURANCE COMPANY
6101 Anacapri Blvd
Lansing, MI 48917-3999

**RE:**   **Process Served in Florida**

**FOR:**   Southern-Owners Insurance Company  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tommie Pitman and Richard Pitman, Pltfs. vs. Kimberly Weaver and Southern Owners Insurance Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Notice(s), Summons, Complaint, Attachment(s), Letter(s) |
| **COURT/AGENCY:** | Escambia County Circuit Court, FL<br>Case # 2016CA001833DIVJ |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Electronic Receipt on 01/04/2017 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | David Lee Sellers<br>919 North 12th Avenue<br>Pensacola, FL 32501<br>850-434-3111 |
| **REMARKS:** | Process received by Chief Financial Officer on 01/03/2017, and forwarded to C T Corporation System by electronic delivery on 01/04/2017. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/05/2017, Expected Purge Date: 01/10/2017<br><br>Image SOP<br><br>Email Notification, William Woodbury  woodbury.bill@aoins.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

**EXHIBIT
"A"**

Page 1 of  1 / SH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.





*17-000000761*

CHIEF FINANCIAL OFFICER
JEFF ATWATER
STATE OF FLORIDA

TOMMIE PITMAN, ET AL.

PLAINTIFF(S)

VS.

KIMBERLY WEAVER, ET AL.

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT, EXHIBIT

CASE #:        2016 CA 001833 DIV. J
COURT:        CIRCUIT COURT
COUNTY:      ESCAMBIA
DFS-SOP #:  17-000000761

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by MAIL on Tuesday, January 3, 2017 and a copy was forwarded by ELECTRONIC DELIVERY on Wednesday, January 4, 2017 to the designated agent for the named entity as shown below.

SOUTHERN-OWNERS INSURANCE COMPANY
DONNA MOCH
1200 SOUTH PINE ISLAND ROAD
PLANTATION FL 33324

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

Jeff Atwater
Chief Financial Officer

DAVID SELLERS
919 N 12TH AVENUE
PENSACOLA FL 32501

TSC

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

TOMMIE PITMAN   ,et al.

PLAINTIFF,

Vs.

CASE NO:   2016 CA 001833
DIVISION:   J

KIMBERLY WEAVER   ,et al.

DEFENDANT,

### SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in the above styled cause upon the defendant SOUTHERN OWNERS INSURANCE COMPANY C/O CHIEF FINANICAL OFFICER, R.A. 200 EAST GAINES STREET TALLAHASSEE, FL 32399

Each defendant is hereby required to serve written defenses to said complaint on

plaintiff's attorney(s), whose address is

**DAVID LEE SELLERS
DAVID LEE SELLERS PA
919 N 12TH AVE
PENSACOLA, FL 32501**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter.  If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **17th day of November, 2016**

PAM CHILDERS
CLERK OF THE CIRCUIT COURT

By: _Kathy Benoit_

Deputy Clerk

* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days.  When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

RECEIVED AS STATUTORY REGISTERED AGENT on 03 January, 2017 and served on defendant or named party on 04 January, 2017 by the Florida Department of Financial Services

CASUM2053P

Filing # 48921594 E-Filed 11/15/2016 03:24:41 PM

## IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

TOMMIE PITMAN AND
RICHARD PITMAN,

      PLAINTIFFS,

vs.

                                 **CASE NO.:**   2016 CA 001833
                                 **DIVISION:**   J

KIMBERLY WEAVER AND
SOUTHERN OWNERS INSURANCE COMPANY,

      DEFENDANTS.

_____ /

### COMPLAINT

The plaintiffs, Tommie Pitman and Richard Pitman, sue the defendants, Kimberly Weaver and Southern Owners Insurance Company, and allege:

### Parties

1.    The plaintiff, Tommie Pitman, is an adult, and at all times pertinent to this action was a resident of Escambia County, Florida.

2.    The plaintiff, Richard Pitman, is an adult, and at all times pertinent to this action was a resident of Escambia County, Florida.

3.    The plaintiffs are, and at all times pertinent to this action were, husband and wife.

4.    The defendant, Kimberly Weaver, is and at all times pertinent to this action was a resident of Birmingham, Alabama.

5.    The defendant, Southern Owners Insurance Company is, and at all times pertinent to this complaint, was a corporation licensed to conduct business in the State

of Florida.

## JURISDICTION

6.     This court has jurisdiction of this action because the amount in controversy exceeds the minimum jurisdictional limit of this court.

## VENUE

7.     Venue is proper in this court because the collision which gave rise to this action occurred in Escambia County, Florida.

## COUNT I
## STATEMENT OF FACTS

### On or about January 10, 2014:

8.     Tommie Pitman was operating her motor vehicle in a safe and prudent Manner, was travelling east on Olive Road in Pensacola, Escambia County, Florida, and was slowing for traffic in front of her.

9.     The defendant was operating her motor vehicle immediately behind Tommie Pitman's motor vehicle on East Olive Road.

10.    The defendant failed to use reasonable care by crashing into the rear of Tommie Pitman's motor vehicle as she slowed for traffic in front of her.

11.    As a result of the negligence of the defendant, Tommie Pitman suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of aspects of her life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or

continuing and plaintiff will suffer the losses in the future.

## COUNT II
### (CONSORTIUM)

12.    The plaintiffs re-alleges those allegations contained in paragraphs 1-10 above as if fully set forth herein.

13.    As a result of the wrongful and negligent acts of the de fendant, Richard Pitman was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship of his wife, all to the detriment of their marital relationship.

## COUNT III
### (UNDERINSURED MOTORIST CLAIM)

14.    The plaintiffs re-allege those allegations contained in paragraphs 1-10 above as if fully set forth herein.

15.    The defendant carried insufficient limits of bodily injury liability coverage to pay for the full damages claimed by the plaintiff at the time of the accident.

16.    The motor vehicle owned by Tommie Pitman was insured by a policy of insurance, which was in full force and effect and issued by the defendant, Southern Owners Insurance Company, under policy number 4962149600.   A copy of the declarations page of such policy is attached hereto and incorporated herein as **Exhibit "A"**.

17.    The policy referred to in the preceding paragraph contained coverage for protection against uninsured/underinsured motorists and applied to Tommie Pitman.

18.     The defendant insurance company has declined to settle with the plaintiff for the full extent of her damages and has otherwise failed and refused to pay the uninsured/underinsured motorist benefits available to the plaintiff for the above-referred to automobile collision and damages sustained by her therein.

WHEREFORE, under each count as set forth hereinabove, Tommie and Richard Pitman, respectfully request that judgment be entered against the defendants for tangible and intangible damages including costs, pre and post judgment interest on all items of liquidated damages, attorney's fees where appropriate and a jury trial on all issues so triable.

DATED this 15th day of November 2016.

_s/David Lee Sellers_
David Lee Sellers
Florida Bar No. 338281
919 North 12th Avenue
Pensacola, Florida 32501
Telephone:   (850) 434-3111
E-Mail: dlsservice@davidleesellers.com
Attorney for Plaintiffs

SEP 0 2 2014

 **FARMERS** INSURANCE

Toll Free: (800) 435-7764
Send all correspondence to:
Email: myclaim@farmersinsurance.com
National Document Center
P.O. Box 268994 .
Oklahoma City, OK 73126-8994
Fax: (877) 217-1389

August 11, 2014

LAW OFFICES OF DAVID LEE SELLERS
919 N 12TH AVE
PENSACOLA FL 32501

| RE: | Claim Unit Number: | 8003248958-1-5 |
| --- | Insured: | Mark Weaver |
| | Policy Number: | 0166025235 |
| | Loss Date: | 01/10/2014 |
| | Loss Location: | Pensacola, FL |
| | Claimant: | Tommie Pitman |

### DISCLOSURE PURSUANT TO FLORIDA STATUTE 627.4137

Dear Mr. Sellers:

Pursuant to your request, please accept this as the statutory disclosure of insurance information as required by Florida Statute 627.4137.

| 1. | The name of the insurer: | Mid-Century Insurance Company |
| --- | --- | --- |
| 2. | The name of each insured: | Kimberly Weaver |
| 3. | Policy Coverages: | |
| | Liability Coverage: | |
| | a. Bodily Injury | $250,000 per person |
| | | $500,000 per occurrence |
| | b. Property Damage | $100,000 per occurrence |

4.   The following is a statement of any policy or coverage defenses, which the above named insurance company reasonably believes is available to said insurer at this time.

There is no known coverage issue at this time, however, we reserve the right to amend this portion of our disclosure should any issues arise in the future.

5.   A copy of the policy is attached.

6.   Mid-Century Insurance Company does not presently know of any other insurance coverage which would apply to this loss.

Exhibit "A"

3CWM63Z5

Per your request we have supplied the required documentation pursuant to Florida Statute 627.4137. Please review these documents and immediately inform us if they are deficient in any way. Upon notification, we will promptly cure any deficiencies.

By: _____
Vaschi Marcellus

Sworn to and subscribed before me, this __22__ day of __August__, 2014

_Jeanette Pollock_
Notary Public, State of Florida

Notary Public State of Florida
Jeanette Pollock
My Commission EE036412
Expires 10/21/2014

My commission expires on:

If you have any questions or concerns, please contact Nanette Berrios at (305)428-4179 Monday through Friday from 8:00 a.m. to 5:00 p.m. Eastern Time.

Sincerely,
Mid-Century Insurance Company

Nanette Berrios
Field Claims Representative
(305)428-4179

Exhibit "A"

3CWM63Z5



# DAVID LEE SELLERS

## Attorney at Law

December 29, 2016

*__Via United States Certified Mail__*
*__Return Receipt Requested__*

*__Article Number:__*
*__7013-0600-0000-1340-3604__*

Service of Process Section
c/o Florida Chief Financial Officer as RA
Post Office Box 6200
Tallahassee, FL 32314-6200

**RE: Tommie Pitman and Richard Pitman v. Kimberly Weaver and Southern Owners Insurance Company; In The Circuit Court of Escambia County, Florida; Case Number: 2016 CA 001833**

Dear Sir or Madam,

Enclosed please find Summons and Complaint for service on Southern Owners Insurance. Also, I am enclosing payment in the amount of $15.00 to cover the costs of service. Once service has been completed, please forward the original return to my attention. I am enclosing a self-addressed stamped envelope for your convenience.

Should you have any questions or require any additional information, please telephone me at (850) 434-3111.

Respectfully,

Candace Enfinger-Blackmon, FRP
Paralegal to David Lee Sellers

919 North 12th Avenue | Pensacola, Florida 32501
Telephone: (850) 434-3111 | Facsimile: (850) 434-1188
www.davidleesellers.com

## IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

**TOMMIE PITMAN**   ,et al.

     PLAINTIFF,

Vs.

                               CASE NO:   **2016 CA 001833**

                               DIVISION:   **J**

    **KIMBERLY WEAVER**   ,et al.

        DEFENDANT,

### SUMMONS PERSONAL SERVICE ON A NATURAL PERSON

TO DEFENDANT:   **KIMBERLY WEAVER**

                     **C/O THYSSEN KRUPP ELEVATORS**

                     **7810 SEARS BOULEVARD, SUITE C**

                     **PENSACOLA, FL 32514**

> I, Robert M. Tarter, ID# 318
> AM A CERTIFIED PROCESS SERVER
> For the First Judicial Circuit
> Date: 12-08 16, Time: 10.10 AM/PM
> Signed: Robert M. Tart

### IMPORTANT

    A lawsuit has been filed against you.  You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court.  A phone call will not protect you.  Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).
    If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

### IMPORTANTE

    Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, pueda llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.
    Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

### IMPORTANT

    Des poursuites judiciares ont ete enterprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffusant pour vous proteger. Vous etes obliges de deposer votre response ecrite, avec mention du numero de dossier ci-dessas et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).
    Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

PLAINTIFF/PLAINTIFF'S ATTORNEY:    **DAVID LEE SELLERS**

                                   **DAVID LEE SELLERS PA**

                                   **919 N 12TH AVE**

                                   **PENSACOLA, FL 32501**

The STATE OF FLORIDA

TO EACH SHERIFF OF THE STATE: You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the above named Defendant.

CASUM2053P

Witness, my hand and the seal of this Court on this **17th day of November, 2016**

PAM CHILDERS

CLERK OF THE CIRCUIT COURT

By: *Kathy Benoit*

      Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, ADA Liaison Escambia County, 190 Governmental Center, 5th Floor, Pensacola, FL 32502, (850) 595-4400 Fax (850) 595-0360 ADA.Escambia@flcourts1.gov , at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

CASUM2053P

Filing # 48921594 E-Filed 11/15/2016 03:24:41 PM

## IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

TOMMIE PITMAN AND
RICHARD PITMAN,

    PLAINTIFFS,

VS.

    CASE NO.:   2016 CA 001833
    DIVISION:  J

KIMBERLY WEAVER AND
SOUTHERN OWNERS INSURANCE COMPANY,

    DEFENDANTS.

_____ /

## COMPLAINT

The plaintiffs, Tommie Pitman and Richard Pitman, sue the defendants, Kimberly

Weaver and Southern Owners Insurance Company, and allege:

### Parties

1.    The plaintiff, Tommie Pitman, is an adult, and at all times pertinent to this

action was a resident of Escambia County, Florida.

2.    The plaintiff, Richard Pitman, is an adult, and at all times pertinent to this

action was a resident of Escambia County, Florida.

3.    The plaintiffs are, and at all times pertinent to this action were, husband

and wife.

4.    The defendant, Kimberly Weaver, is and at all times pertinent to this

action was a resident of Birmingham, Alabama.

5.    The defendant, Southern Owners Insurance Company is, and at all times

pertinent to this complaint, was a corporation licensed to conduct business in the State

of Florida.

## JURISDICTION

6.    This court has jurisdiction of this action because the amount in controversy exceeds the minimum jurisdictional limit of this court.

## VENUE

7.    Venue is proper in this court because the collision which gave rise to this action occurred in Escambia County, Florida.

## COUNT I
## STATEMENT OF FACTS

**On or about January 10, 2014:**

8.    Tommie Pitman was operating her motor vehicle in a safe and prudent Manner, was travelling east on Olive Road in Pensacola, Escambia County, Florida, and was slowing for traffic in front of her.

9.    The defendant was operating her motor vehicle immediately behind Tommie Pitman's motor vehicle on East Olive Road.

10.    The defendant failed to use reasonable care by crashing into the rear of Tommie Pitman's motor vehicle as she slowed for traffic in front of her.

11.    As a result of the negligence of the defendant, Tommie Pitman suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of aspects of her life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or

continuing and plaintiff will suffer the losses in the future.

## COUNT II
### (CONSORTIUM)

12.    The plaintiffs re-alleges those allegations contained in paragraphs 1-10 above as if fully set forth herein.

13.    As a result of the wrongful and negligent acts of the defendant, Richard Pitman was caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship of his wife, all to the detriment of their marital relationship.

## COUNT III
### (UNDERINSURED MOTORIST CLAIM)

14.    The plaintiffs re-allege those allegations contained in paragraphs 1-10 above as if fully set forth herein.

15.    The defendant carried insufficient limits of bodily injury liability coverage to pay for the full damages claimed by the plaintiff at the time of the accident.

16.    The motor vehicle owned by Tommie Pitman was insured by a policy of insurance, which was in full force and effect and issued by the defendant, Southern Owners Insurance Company, under policy number 4962149600.  A copy of the declarations page of such policy is attached hereto and incorporated herein as **Exhibit "A"**.

17.    The policy referred to in the preceding paragraph contained coverage for protection against uninsured/underinsured motorists and applied to Tommie Pitman.

18.    The defendant insurance company has declined to settle with the plaintiff for the full extent of her damages and has otherwise failed and refused to pay the uninsured/underinsured motorist benefits available to the plaintiff for the above-referred to automobile collision and damages sustained by her therein.

WHEREFORE, under each count as set forth hereinabove, Tommie and Richard Pitman, respectfully request that judgment be entered against the defendants for tangible and intangible damages including costs, pre and post judgment interest on all items of liquidated damages, attorney's fees where appropriate and a jury trial on all issues so triable.

DATED this 15th day of November 2016.

*s/David Lee Sellers*
David Lee Sellers
Florida Bar No. 338281
919 North 12th Avenue
Pensacola, Florida 32501
Telephone:   (850) 434-3111
E-Mail: dlsservice@davidleesellers.com
Attorney for Plaintiffs

SEP 0 2 2014

 **FARMERS**
INSURANCE

Toll Free: (800) 435-7764
Send all correspondence to:
Email: myclaim@farmersinsurance.com
National Document Center
P.O. Box 268994
Oklahoma City, OK 73126-8994
Fax: (877) 217-1389

August 11, 2014

LAW OFFICES OF DAVID LEE SELLERS
919 N 12TH AVE
PENSACOLA FL 32501

| | | |
|---|---|---|
| RE: | Claim Unit Number: | 8003248958-1-5 |
| | Insured: | Mark Weaver |
| | Policy Number: | 0166025235 |
| | Loss Date: | 01/10/2014 |
| | Loss Location: | Pensacola, FL |
| | Claimant: | Tommie Pitman |

### DISCLOSURE PURSUANT TO FLORIDA STATUTE 627.4137

Dear Mr. Sellers:

Pursuant to your request, please accept this as the statutory disclosure of insurance information as required by Florida Statute 627.4137.

1. The name of the insurer:                    Mid-Century Insurance Company
2. The name of each insured:                 Kimberly Weaver
3. Policy Coverages:
   Liability Coverage:
   a. Bodily Injury                                   $250,000 per person
                                                              $500,000 per occurrence
   b. Property Damage                          $100,000 per occurrence

4. The following is a statement of any policy or coverage defenses, which the above named insurance company reasonably believes is available to said insurer at this time.

   There is no known coverage issue at this time, however, we reserve the right to amend this portion of our disclosure should any issues arise in the future.

5. A copy of the policy is attached.

6. Mid-Century Insurance Company does not presently know of any other insurance coverage which would apply to this loss.

Exhibit "A"

3CWM63Z5

Per your request we have supplied the required documentation pursuant to Florida Statute 627.4137. Please review these documents and immediately inform us if they are deficient in any way. Upon notification, we will promptly cure any deficiencies.

By: _____

Vasthi Marcellus

Sworn to and subscribed before me, this __22__ day of __August__, 2014

_____
Notary Public, State of Florida

Notary Public State of Florida
Jeanette Pollock
My Commission EE036412
Expires 10/21/2014

My commission expires on:

If you have any questions or concerns, please contact Nanette Berrios at (305)428-4179 Monday through Friday from 8:00 a.m. to 5:00 p.m. Eastern Time.

Sincerely,
Mid-Century Insurance Company

Nanette Berrios
Field Claims Representative
(305)428-4179

Exhibit "A"

3CWM63Z5

Filing # 51280316 E-Filed 01/17/2017 06:02:52 PM

IN THE CIRCUIT COURT IN AND
FOR ESCAMBIA COUNTY, FLORIDA

CASE NO.: 2016 CA 001833

TOMMIE PITMAN and RICHARD PITMAN,

      Plaintiff,

v.

KIMBERLY WEAVER and SOUTHERN
OWNERS INSURANCE COMPANY,

      Defendant

_____/

## NOTICE OF APPEARANCE AND
## DESIGNATION OF E-MAIL ADDRESSES

Randall G. Rogers, Esq. and Courtney F. Smith, Esq. of Cole, Scott & Kissane, P.A. hereby give notice of their appearance on behalf of Defendant, KIMBERLY WEAVER, and request that copies of all motions, notices, and other pleadings heretofore or hereafter filed or served in this cause be furnished to the undersigned. Further, pursuant to Florida Rule of Judicial Administration 2.516, the undersigned hereby designates the following primary and secondary e-mail addresses for mail service in the above referenced case.

**Primary e-mail**:
Randall G. Rogers, Esq.     randall.rogers@csklegal.com
Courtney F. Smith, Esq.     courtney.smith@csklegal.com

**Secondary e-mail**:
Roxane Hale     roxane.hale@csklegal.com

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of January, 2017, a true and correct copy of the foregoing was filed with the Clerk of Escambia County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:  David Lee Sellers, Esq., David Lee Sellers, PA, 919 North 12th Avenue, Pensacola, FL 32501, dlsservice@davidleesellers.com.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Kimberly Weaver*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5900
Facsimile (850) 438-6969
Primary e-mail addresses:
randall.rogers@csklegal.com
courtney.smith@csklegal.com
Secondary e-mail address:
roxane.hale@csklegal.com

By:  s/ Courtney F. Smith
RANDALL G. ROGERS
Florida Bar No.: 195626
COURTNEY F. SMITH
Florida Bar No.: 67388

5063.0243-00/4926049

Filing # 51280316 E-Filed 01/17/2017 06:02:52 PM

IN THE CIRCUIT COURT IN AND FOR
ESCAMBIA COUNTY, FLORIDA

CASE NO.: 2016 CA 001833

TOMMIE PITMAN and RICHARD PITMAN,

     Plaintiffs,

v.

KIMBERLY WEAVER and SOUTHERN
OWNERS INSURANCE COMPANY,

     Defendants.

_____/

### DEFENDANT KIMBERLY WEAVER'S
### ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, KIMBERLY WEAVER ("Defendant"), by and through
undersigned counsel, pursuant to the Florida Rules of Civil Procedure, and hereby files
her Answer and Affirmative Defenses to Plaintiffs, TOMMIE PITMAN's and RICHARD
PITMAN's (collectively "Plaintiffs"), Complaint, and states as follows:

### Parties

1.     Defendant is without knowledge as to the allegations contained in
paragraph 1 of the Complaint and therefore denies same and demands strict proof
thereof at the time of trial.

2.     Defendant is without knowledge as to the allegations contained in
paragraph 2 of the Complaint and therefore denies same and demands strict proof
thereof at the time of trial.

3.     Defendant is without knowledge as to the allegations contained in
paragraph 3 of the Complaint and therefore denies same and demands strict proof
thereof at the time of trial.

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

CASE NO.:  2016 CA 001833

4.      Defendant admits the allegation contained in paragraph 4 of the Complaint.

5.      Defendant is without knowledge as to the allegations contained in paragraph 5 of the Complaint and therefore denies same and demands strict proof thereof at the time of trial.

## Jurisdiction

6.      Defendant admits the allegation set forth in paragraph 6 of the Complaint for jurisdictional purposes only.  Any and all insinuations of liability are hereby denied, and the Defendant demands strict proof thereof at the time of trial.

## Venue

7.      Defendant admits the allegation set forth in paragraph 7 of the Complaint for jurisdictional purposes only.  Any and all insinuations of liability are hereby denied, and the Defendant demands strict proof thereof at the time of trial.

## COUNT I
## Statement of Facts

8.      Defendant denies the allegations set forth in paragraph 8 of the Complaint and demands strict proof thereof at the time of trial.

9.      Defendant admits the allegation set forth in paragraph 9 of the Complaint.

10.     Defendant denies the allegations set forth in paragraph 10 of the Complaint and demands strict proof thereof at the time of trial.

11.     Defendant denies the allegations set forth in paragraph 11 of the Complaint and demands strict proof thereof at the time of trial.

## COUNT II
## (Consortium)

12.     Defendant reiterates her responses to paragraphs 1 – 10 above as if set forth fully herein.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 463-5900 (850) 438-6969 FAX

CASE NO.:  2016 CA 001833

13.    Defendant denies the allegations set forth in paragraph 13 of the Complaint and demands strict proof thereof at the time of trial.

## COUNT III
## (Underinsured Motorist Claim)

The allegations contained in Count III, paragraphs 14-18, of Plaintiffs' Complaint are not directed to this Defendant Kimberly Weaver and therefore no response is necessary.  To the extent a response is deemed necessary, the allegations are denied.

To the extent that the "WHEREFORE" clause sets forth allegations against Defendants, Defendants deny same.

### AFFIRMATIVE DEFENSES

First Affirmative Defense

Defendant affirmatively alleges that Plaintiffs' Complaint fails to state a cause of action upon which relief may be granted.

Second Affirmative Defense

Defendant affirmatively alleges that Plaintiffs are entitled to receive, have received or, in the future, may receive compensation for injuries or damages sustained from collateral sources and Defendant claims a set-off for said compensation pursuant to applicable Florida Law.

Third Affirmative Defense

Defendant affirmatively alleges that Plaintiff, Tommie Pittman, was comparatively negligent.  Such comparative negligence includes, but is not limited to, the failure to use reasonable care or conduct herself in a safe manner. Any recovery herein must be reduced by an amount equivalent to the Plaintiff's degree of negligence.

CASE NO.:  2016 CA 001833

## Fourth Affirmative Defense

Defendant affirmatively alleges that the matter at issue is governed by the Florida Tort Reform and Insurance Act of 1986 (Chapter 86-160 Laws of Florida).  Defendant would plead and assert all defenses available under this act, including but not limited to, those dealing with apportionment of damages and set-off of collateral sources.

## Fifth Affirmative Defense

Defendant affirmatively alleges that Plaintiff has failed to mitigate her alleged damages by, without limitation, failing to avail herself of reasonable medical treatment.

## Sixth Affirmative Defense

Defendant affirmatively alleges that Plaintiff's claimed injuries or damages are a continuation of pre-existing medical condition(s) and are unrelated to any act or omission of the tortfeasor.

## Seventh Affirmative Defense

Defendant affirmatively alleges that Plaintiff's claims, as a result of this alleged incident, fail to cross the threshold of the Florida Automobile Reparations Reform Act and Plaintiff's claims, as a result thereof, are barred pursuant to Florida Statute §627.737, et. seq.

## Eighth Affirmative Defense

Defendant affirmatively alleges that Plaintiff failed to use an available and operational seatbelt which, if used, would have prevented or lessened the alleged injuries claimed in this action. The Plaintiff's damages, if any, should therefore be reduced by the percentage which would have been prevented had the Plaintiff worn the seatbelt.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  - (850) 483-5900 (850) 438-6969 FAX

CASE NO.:  2016 CA 001833

## Ninth Affirmative Defense

Defendant affirmatively alleges that the subject accident gives rise to an apportionment of damages, if any, in relation to the degree of fault of the parties, or other persons, employers, or entities pursuant to the Florida Supreme Court's decision of *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993). In compliance with *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996), Defendant states that any other individuals or entities responsible in whole, or in part, for Plaintiffs' damages, who are revealed through discovery, will be identified through amendment.

## Tenth Affirmative Defense

Defendant affirmatively alleges that Plaintiff has received or will receive the benefit of write-offs and/or adjustments of his medical expenses, and that those medical expenses which may be recovered in this action must be reduced by the amount of write-offs and/or adjustments either prior to trial or after trial against any award of damages. *Nationwide Mutual v. Harrell*, 53 So. 3d 1084 (Fla. 1st DCA 2011); *Cooperative Leasing, Inc. v. Johnson*, 872 So. 2d 956 (Fla. 2d DCA 2004); *Thyssenkrupp Elevator Corp. v. Lasky*, 868 So 2d 547 (Fla. 4th DCA 2003).

## Eleventh Affirmative Defense

Defendant affirmatively alleges that she is entitled to a set-off of all settlements and compensation Plaintiff has received, or may receive, as it relates to the damages alleged in the Complaint.

## Twelfth Affirmative Defense

The incident complained of was the result of unavoidable consequences and/or a sudden emergency.

## **DEMAND FOR JURY TRIAL**

Defendant demands trial by jury on all issues so triable by law.

Page 5
**COLE, SCOTT & KISSANE, P.A.**

CASE NO.:  2016 CA 001833

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of January, 2017, a true and correct copy of the foregoing was filed with the Clerk of Escambia County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system:  David Lee Sellers, Esq., David Lee Sellers, PA, Tommie Pitman and Richard Pitman, 919 North 12th Avenue, Pensacola, FL 32501, dlsservice@davidleesellers.com, Attorney for Plaintiffs, Richard Pitman and Tommie Pitman.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Kimberly Weaver*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5916
Facsimile (850) 438-6969
Primary e-mail: randall.rogers@csklegal.com;
courtney.smith@csklegal.com
Secondary e-mail: roxane.hale@csklegal.com

By:   s/ Courtney F. Smith
RANDALL G. ROGERS
Florida Bar No.:  195626
COURTNEY F. SMITH
Florida Bar No.:  67388

5063.0243-00/5026414

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

Filing # 51357018 E-Filed 01/19/2017 10:41:39 AM

IN THE CIRCUIT COURT IN AND FOR
ESCAMBIA COUNTY, FLORIDA

CASE NO.: 2016 CA 001833

TOMMIE PITMAN and RICHARD PITMAN,

     Plaintiff,

v.

KIMBERLY WEAVER and SOUTHERN
OWNERS INSURANCE COMPANY,

     Defendants.

_____/

### DEFENDANT KIMBERLY WEAVER'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO PLAINTIFF, TOMMIE PITMAN

     Defendant, KIMBERLY WEAVER, by and through the undersigned counsel, hereby gives notice of serving of her First Set of Interrogatories to Plaintiff, TOMMIE PITMAN on this 19th day of January, 2017.

### CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 19th day of January, 2017, a true and correct copy of the foregoing Notice, together with the Interrogatories referenced therein, were furnished via electronic delivery to:  David Lee Sellers, Esq., David Lee Sellers, PA, 919 North 12th Avenue, Pensacola, FL 32501, dlsservice@davidleesellers.com, Attorney for Plaintiffs.

                COLE, SCOTT & KISSANE, P.A.
                *Counsel for Defendant Kimberly Weaver*
                890 South Palafox Street, Suite 200
                Pensacola, Florida 32502
                Telephone (850) 483-5900
                Facsimile (850) 438-6969
                Designated E-Mail Addresses:
                randall.rogers@csklegal.com
                courtney.smith@csklegal.com
                roxane.hale@csklegal.com

By:   *s/ Courtney F. Smith*
                RANDALL G. ROGERS
                Florida Bar No.:  195626
                COURTNEY F. SMITH
                Florida Bar No.:  67388

5063.0243-00/4926519

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

IN THE CIRCUIT COURT IN AND
FOR ESCAMBIA COUNTY, FLORIDA

CASE NO.: 2016 CA 001833

TOMMIE PITMAN and RICHARD PITMAN,

      Plaintiff,

v.

KIMBERLY WEAVER and SOUTHERN
OWNERS INSURANCE COMPANY,

      Defendant

_____/

## DEFENDANT KIMBERLY WEAVER'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TOMMIE PITMAN

      Defendant, KIMBERLY WEAVER, by and through the undersigned counsel and pursuant to Rule 1.340, *Florida Rules of Civil Procedure,* hereby propounds the following First Set of Interrogatories upon the Plaintiff, TOMMIE PITMAN, to be answered in writing, under oath, or objected to within the time provided by the applicable *Florida Rules of Civil Procedure*:

## DEFINITIONS AND INSTRUCTIONS

      Please refer to these definitions and instructions in providing your answers. Unless otherwise clearly indicated by the context thereof, the following definitions and instructions shall apply to each of the interrogatories set forth below:

      1.      In answering these Interrogatories, you are instructed to provide not only such information as is in your possession, but also all information as is reasonably available, whether or not it is in your possession, but also all information as is reasonably available, whether or not it is in your possession. In the event you are able to provide only part of the information called for by any particular Interrogatory, provide all of the information you are able to provide, and state the reason for your inability to state the remainder.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

2.    If you object to, or otherwise decline to answer any portion of any Interrogatory, please provide all information called for in that portion of the Interrogatory to which you do not object, or to which you do not decline to answer.  If you object to any Interrogatory on the grounds that it is overly broad, please provide such information as you concede to be relevant and within the scope of permitted discovery.  If you object to an Interrogatory on the grounds that it would constitute an undue burden to provide an answer, please provide such requested information as can be supplied without undertaking such undue burden and state your reasons why the Interrogatory is otherwise burdensome.  For those portions of any Interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

3.    **"You"** and **"your"** refer to the party to whom these Interrogatories are directed, each and every name by which the party is known or has been known and each and every officer, director, employee, attorney, and other agent for such party.

4.    **"Document"** shall include all records, books of account, journals, ledgers, statements, receipts, contracts, correspondence, worksheets, checks, instructions, specifications, manuals, reports, books, periodicals, publications, raw and refined data, memoranda, drafts, drawings, notes, advertisements, lists, studies, meeting minutes, working papers, transcripts, magnetic tapes or discs, punch cards, computer printouts, letters, telegrams, drafts, proposals, recommendations, and any other data recorded in readable and/or retrievable form, or capable of being transmitted, whether typed, handwritten, reproduced, magnetically recorded, coded, computer generated or stored in any other way readable or retrievable.

5.    **"And"** and **"or"** shall be construed conjunctively and disjunctively in each Interrogatory in order to request the broadest scope of information possible.

## INTERROGATORIES

1.    What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

**ANSWER:**

2

**COLE, SCOTT & KISSANE, P.A.**

CASE NO.: 2016 CA 001833

2.    List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years.

**ANSWER:**

3.    List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, Medicare / Medicaid number (and if applicable, please attach a copy of the Medicare / Medicaid card), and, if you are or have ever been married, the name of your spouse or spouses.

**ANSWER:**

4.    Do you wear glasses, contact lenses, or hearing aids? If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

**ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

5.    Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime and the date and place of conviction.

      **ANSWER:**

6.    Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint? If so, what was the nature of the infirmity, disability, or sickness?

      **ANSWER:**

7.    Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the complaint? If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

      **ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

8.    Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

**ANSWER:**

9.    Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

**ANSWER:**

10.   Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint? If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding this charge, and, if so, what is the name and address of the person or entity that prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

**ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  - (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

11.   Describe each injury for which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

**ANSWER:**

12.   List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the complaint, giving for each item the date incurred, the name and business address of the person or entity to whom each was paid or is owed, and the goods or services for which each was incurred.

**ANSWER:**

13.   Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident described in the complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and the method that you used in computing the amount.

**ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

14.   Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories?   If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**ANSWER:**

15.   List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

**ANSWER:**

16.   List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

**ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  –  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

17.   List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

18.   Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

**ANSWER:**

19.   State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

CASE NO.: 2016 CA 001833

20.   Do you intend to call any expert witnesses at the trial of this case? If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

   **ANSWER:**

21.   Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

   **ANSWER:**

22.   Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

   **ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

23. At the time of the incident described in the complaint, were you wearing a seat belt? If not, please state why not; where you were seated in the vehicle; and whether the vehicle was equipped with a seat belt that was operational and available for your use.

**ANSWER:**

24. Did any mechanical defect in the motor vehicle in which you were riding at the time of the incident described in the complaint contribute to the incident? If so, describe the nature of the defect and how it contributed to the incident.

**ANSWER:**

25. Describe any and all accidents, illnesses and/or personal injuries you have suffered since the happening of the event in question, including in your answer the date, place, time and nature of the incidents, the names and addresses of all parties involved in the incident, the injuries sustained by you in the incident as well as the names and addresses of any of the treating and consulting physicians and hospitals or places of confinement in which you were a patient in connection with such injuries.

**ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

26.     Describe any and all accidents, illnesses and/or personal injuries you suffered before the happening of the event in question, including in your answer the date, place, time and nature of the incidents, the names and addresses of all parties involved in the incident, the injuries sustained by you in this incident as well as the names and addresses of any of the treating and consulting physicians and hospitals or places of confinement in which you were a patient in connection with such injuries.

   **ANSWER:**

27.     Provide the name of your telephone carrier(s) or provider(s) for the thirty day time period prior to and the thirty day time period after the accident at issue on January 10, 2014, and please include your telephone number(s) for that time period as well as your email address and provider for the same time period.

   **ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6989 FAX

CASE NO.: 2016 CA 001833

## **VERIFICATION PAGE**

_____
TOMMIE PITMAN

STATE OF _____
COUNTY OF _____

     Before me, the undersigned authority, duly authorized to administer oaths and take acknowledgements, this day personally appeared <u>TOMMIE PITMAN,</u> who is personally known to me ____ or who has produced _____ as identification, who having first been duly sworn, deposes and says that he/she has read the above and foregoing Answers to First Set of Interrogatories and that he/she has executed the same for the purpose stated therein this _____ day of _____, 2017.

_____
Notary Public
Name (Print/Typed):_____
My Commission No.:_____
My Commission Expires: _____

5063.0243-00/4926208

Filing # 51357018 E-Filed 01/19/2017 10:41:39 AM

IN THE CIRCUIT COURT IN AND FOR
ESCAMBIA COUNTY, FLORIDA

CASE NO.: 2016 CA 001833

TOMMIE PITMAN and RICHARD PITMAN,

      Plaintiff,

v.

KIMBERLY WEAVER and SOUTHERN
OWNERS INSURANCE COMPANY,

      Defendant

_____/

## DEFENDANT KIMBERLY WEAVER'S NOTICE OF SERVING COLLATERAL SOURCE INTERROGATORIES TO PLAINTIFF, TOMMIE PITMAN

Defendant, KIMBERLY WEAVER, by and through the undersigned counsel, hereby gives notice of serving of Collateral Source Interrogatories to Plaintiff, TOMMIE PITMAN on this 19th day of January, 2017.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of January, 2017, a true and correct copy of the foregoing Notice, together with the Collateral Source Interrogatories referenced therein, were furnished via electronic delivery to: David Lee Sellers, Esq., David Lee Sellers, PA, 919 North 12th Avenue, Pensacola, FL 32501, dlsservice@davidleesellers.com, Attorney for Plaintiffs.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Kimberly Weaver*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5900
Facsimile (850) 438-6969
Designated E-mail Addresses:
randall.rogers@csklegal.com
courtney.smith@csklegal.com
roxane.hale@csklegal.com

By:   <u>*s/ Courtney F. Smith*</u>
RANDALL G. ROGERS
Florida Bar No.: 195626
COURTNEY F. SMITH
Florida Bar No.: 67388

5063.0243-00/492795

IN THE CIRCUIT COURT IN AND
FOR ESCAMBIA COUNTY, FLORIDA

CASE NO.: 2016 CA 001833

TOMMIE PITMAN and RICHARD PITMAN,

     Plaintiff,

v.

KIMBERLY WEAVER and SOUTHERN
OWNERS INSURANCE COMPANY,

     Defendant

_____/

## DEFENDANT, KIMBERLY WEAVER'S COLLATERAL SOURCE
## INTERROGATORIES TO PLAINTIFF, TOMMIE PITMAN

Defendant, KIMBERLY WEAVER, by and through the undersigned counsel and pursuant to Rule 1.340, *Florida Rules of Civil Procedure,* and Local Rules governing practice, hereby propounds the following Collateral Source Interrogatories upon the Plaintiff, TOMMIE PITMAN, to be answered in writing, under oath, or objected to within the time provided by the applicable *Florida Rules of Civil Procedure*:

## DEFINITIONS AND INSTRUCTIONS

Please refer to these definitions and instructions in providing your answers. Unless otherwise clearly indicated by the context thereof, the following definitions and instructions shall apply to each of the interrogatories set forth below:

1.    In answering these Interrogatories, you are instructed to provide not only such information as is in your possession, but also all information as is reasonably available, whether or not it is in your possession, but also all information as is reasonably available, whether or not it is in your possession. In the event you are able to provide only part of the information called for by any particular Interrogatory, provide all of the information you are able to provide, and state the reason for your inability to state the remainder.

2.    If you object to, or otherwise decline to answer any portion of any Interrogatory, please provide all information called for in that portion of the Interrogatory to which you do not object, or to which you do not decline to answer.  If you object to any Interrogatory on the grounds that it is overly broad,

please provide such information as you concede to be relevant and within the scope of permitted discovery.  If you object to an Interrogatory on the grounds that it would constitute an undue burden to provide an answer, please provide such requested information as can be supplied without undertaking such undue burden and state your reasons why the Interrogatory is otherwise burdensome. For those portions of any Interrogatory to which you object or otherwise decline to answer, state the reason for such objection or declination.

3.     **"You" and "your"** refer to the party to whom these Interrogatories are directed, each and every name by which the party is known or has been known and each and every officer, director, employee, attorney, and other agent for such party.

4.     **"Document"** shall include all records, books of account, journals, ledgers, statements, receipts, contracts, correspondence, worksheets, checks, instructions, specifications, manuals, reports, books, periodicals, publications, raw and refined data, memoranda, drafts, drawings, notes, advertisements, lists, studies, meeting minutes, working papers, transcripts, magnetic tapes or discs, punch cards, computer printouts, letters, telegrams, drafts, proposals, recommendations, and any other data recorded in readable and/or retrievable form, or capable of being transmitted, whether typed, handwritten, reproduced, magnetically recorded, coded, computer generated or stored in any other way readable or retrievable.

5.     **"And" and "or"** shall be construed conjunctively and disjunctively in each Interrogatory in order to request the broadest scope of information possible.

## COLLATERAL SOURCE INTERROGATORIES

1.     Please state your name, address, and if you are answering for someone else, your official position.

**ANSWER:**

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

2.      Please list each item of expense that you claim to have incurred, to date, as a result of the injuries sued on in this action, giving for each item the date(s) incurred, amounts owed and paid, the total cost for such services, and who paid for the expenses.

**ANSWER:**

| Description of Expense | Total Amount | Amount or Percentage Paid by You | Amount or Percentage Paid by Collateral Source |
|---|---|---|---|
| | | | |

3.      Please state whether you are eligible to receive any payments from the United States Social Security Act, or any other federal, state, or local government subsidized disability act.

   a)      If so, please state whether you have submitted any of the above-listed expenses to those agencies, and the items and amounts those agencies have paid, if any.

   b)      If those agencies have not paid any items of expenses submitted to them, please state their reason for denial of payment, to the best of your knowledge.

   c)      If you have not submitted any of the above-listed expenses to those agencies, and are eligible to do so, please state why not.

   d)      Please state whether, to the best of your knowledge, those agencies are entitled to subrogation for any bills paid by them.

**ANSWER:**

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

4.      Please state whether you are a named insured or beneficiary on any health, sickness, or income disability insurance policy, including any automobile accident insurance policy that provides health benefits or income disability coverage.

   a)     If so, please state the names and address of all such carriers, the type of policy, the named insured, policy numbers, and applicable coverage limits.

   b)     If so, please state whether you have submitted any of the expenses listed in your answer to Interrogatory #2 to those carriers, and the items and amounts those carriers have paid, if any.

   c)     If those carriers have not paid any items of expenses submitted to them, please state their reason for denial of payment, to the best of your knowledge.

   d)     If you have not submitted any of the above-listed expenses to those carriers, and are eligible to do so, please state why not.

   e)     Please state whether, to the best of your knowledge, those carriers are entitled to subrogation for any bills paid by them.

**ANSWER:**

5.      Please state whether you are a party to, or a beneficiary of, any contract or agreement of any group, organization, partnership, or corporation to provide, pay for, or reimburse the costs of hospital, medical, dental, or other health care services.

   a)     If so, please state the names and addresses of the other parties to said contracts or agreements, and a brief summary of the contents of same.

   b)     If so, please state whether you have submitted any of the expenses listed in your answer to Interrogatory #2 to the responsible parties of said contracts or agreements, and the items or amounts those carriers have paid, if any.

   c)     If those parties have not paid any items of expense submitted to them, please state their reason for denial of payment, to the best of your knowledge.

   d)     If you have not submitted any of the above-listed expenses to those parties and are eligible to do so, please state why not.

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502 - (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

e)      Please state whether, to the best of your knowledge, those parties are entitled to subrogation for any bills paid by them.

**ANSWER:**

6.      Please state whether any of your employers since the subject accident participate in a contractual or voluntary wage continuation plan or any other system to provide wages during a period of disability.

a)      Please state whether you were compensated by any of your employer(s) since the subject incident for any of the time you missed from work as a result of the injuries sued on this action.

b)      Please state whether, to the best of your knowledge, those employers are entitled to subrogation for any compensation paid by them.

c)      If not so compensated, why not?

d)      If you were not so compensated, please state whether any lost compensation was in the form of salary, or lost vacation days, sick days, or other.

**ANSWER:**

7.      Please list subrogation rights, if any, for each of the collateral sources listed above.

**ANSWER:**

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

**<u>VERIFICATION PAGE</u>**

_____

**TOMMIE PITMAN**

STATE OF _____
COUNTY OF _____

    Before me, the undersigned authority, duly authorized to administer oaths and take acknowledgements, this day personally appeared **TOMMIE PITMAN,** who is personally known to me ____ or who has produced _____ as identification, who having first been duly sworn, deposes and says:

    That **TOMMIE PITMAN** is the Plaintiff in the above entitled action and has thoroughly read the above and foregoing answers to the Collateral Source Interrogatories and that she executed the same for the purpose stated therein this_____ day of _____, 2017.

_____
Notary Public
Name (Print/Typed):_____
My Commission No.:_____
My Commission Expires: _____

COLE, SCOTT & KISSANE, P.A.
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

Filing # 51357018 E-Filed 01/19/2017 10:41:39 AM

IN THE CIRCUIT COURT IN AND FOR
ESCAMBIA COUNTY, FLORIDA
CASE NO.: 2016 CA 001833

TOMMIE PITMAN and RICHARD PITMAN,

      Plaintiff,

v.

KIMBERLY WEAVER and SOUTHERN
OWNERS INSURANCE COMPANY,

      Defendants.

_____/

## DEFENDANT KIMBERLY WEAVER'S NOTICE OF SERVING FIRST SET OF INTERROGATORIES TO PLAINTIFF, RICHARD PITMAN

      Defendant, KIMBERLY WEAVER, by and through the undersigned counsel, hereby gives notice of serving of her First Set of Interrogatories to Plaintiff, RICHARD PITMAN on this 19th day of January, 2017.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 19th day of January, 2017, a true and correct copy of the foregoing Notice, together with the Interrogatories referenced therein, were furnished via electronic delivery to:  David Lee Sellers, Esq., David Lee Sellers, PA, 919 North 12th Avenue, Pensacola, FL  32501, dlsservice@davidleesellers.com, Attorney for Plaintiffs.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant Kimberly Weaver*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5900
Facsimile (850) 438-6969
Designated E-mail Addresses:
randall.rogers@csklegal.com
courtney.smith@csklegal.com
roxane.hale@csklegal.com

By:  s/ Courtney F. Smith
     RANDALL G. ROGERS
     Florida Bar No.:  195626
     COURTNEY F. SMITH
     Florida Bar No.:  67388

5063.0243-00/4926654

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

IN THE CIRCUIT COURT IN AND
FOR ESCAMBIA COUNTY, FLORIDA

CASE NO.: 2016 CA 001833

TOMMIE PITMAN and RICHARD PITMAN,

     Plaintiff,

v.

KIMBERLY WEAVER and SOUTHERN
OWNERS INSURANCE COMPANY,

     Defendant

_____/

## DEFENDANT, KIMBERLY WEAVER'S FIRST SET OF
## INTERROGATORIES TO PLAINTIFF, RICHARD PITMAN

Defendant, KIMBERLY WEAVER, propounds the following Interrogatories to Plaintiff, RICHARD PITMAN, to be answered in writing and under oath, within thirty (30) days from the date of service hereof, as follows:

1.    What is your name, address, and, if you are answering for someone else, your official position?

    **ANSWER:**

2.    Please state your date of birth, social security number and driver license number including the state in which it was issued.

    **ANSWER:**

CASE NO.: 2016 CA 001833

    3.      Please state the date of your marriage to your present spouse, giving the city, county and state where the ceremony was performed.

    **ANSWER:**

    4.      Please state whether you and your spouse have been legally separated or divorced.  If so, please state:

        (a)    The date of the separation or divorce.

        (b)    The approximate length of time you were separated or divorced.

    **ANSWER:**

    5.      Please state with specificity each and every injury which your spouse has allegedly sustained as a result of this accident.

    **ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

6.      Please state with specificity which of the alleged injuries claimed above has caused or contributed to cause a loss of services and/or consortium in your relationship with your spouse.

**ANSWER:**

7.      During the twelve (12) months prior to this incident, did you or your spouse have assistance from any person in connection with the maintenance of your home and family?  If so, for each such person, state:

      (a)      The name, age, address and relationship to you or your spouse.

      (b)      A description of the assistance rendered.

      (c)      The inclusive dates during which assistance was rendered.

      (d)      The number of hours per week of such assistance.

      (e)      Whether the person was paid or compensated for such services and the amount of compensation.

**ANSWER:**

8.      Please state whether you or your spouse was required to acquire additional household help because of the incident herein.  If so, for each such person rendering help, state:

      (a)      Why such help was required.

      (b)      Name and address of each person rendering help.

      (c)      Dates in which employment commenced and terminated.

      (d)      The hours worked per day, week, or month and the amount of compensation paid.

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

    (e)    The duties performed.

    (f)    Whether such person resided in your home during employment.

    (g)    The duties customarily performed by your spouse which your spouse was unable to perform satisfactorily.

**ANSWER:**

9.    Please state whether you will continue to need additional household help as a result of the incident.  If so, please state:

    (a)    The length of time it is contemplated such help will be needed.

    (b)    The probable future cost.

**ANSWER:**

10.    Describe in detail your activities with your spouse during your leisure hours in the twelve (12) months prior to the incident herein.

**ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

11.     Please state whether you claim that the alleged injuries to your spouse limited or restricted your leisure activities.  If so, please explain in detail.

**ANSWER:**

12.     Please state with specificity any and all activities which your spouse is no longer able to perform or engage in which you contend constitute a loss of service and/or consortium in your relationship with your spouse.

**ANSWER:**

13.     Do you claim that the alleged injuries suffered by your spouse as a result of this incident terminated or limited your sexual activities?  If so, please explain the nature of the limitation on such sexual relations.

**ANSWER:**

14.     Did you or your spouse have marital difficulties prior to this incident?  If so, please describe in detail.

**ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

15.    Have you or your spouse ever had marital difficulties related to this incident?  If so, describe what they are and how they are related.

**ANSWER:**

16.    Have you and/or your spouse had any marital counseling prior to this incident?  If so, please describe in detail.

**ANSWER:**

17.    Have you and/or your spouse had any marital counseling since and resulting from this incident?  If so, please state:

(a)    The name and address of the person or facility rendering the marital counseling.

(b)    Describe in detail the type and extent of marital counseling received.

**ANSWER:**

CASE NO.: 2016 CA 001833

18.     Have you personally lost any time from work or any wages as a result of the alleged injuries to your spouse?  If so, please state:

   (a)   The name and address of your employer.

   (b)   Your position at the time such loss occurred and your weekly wages.

   (c)   The length of time lost and/or the total amount of wages lost.

   **ANSWER:**


19.     Describe in detail any other item of monetary value that you have lost as a result of the alleged injuries to your spouse.

   **ANSWER:**


20.     Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction, the specific crime, and the date and place of conviction.

   **ANSWER:**

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX

CASE NO.: 2016 CA 001833

21.     Have you ever made any other claim for personal injuries?  If so, state the particularities of the claim, including the date, place and factual basis of the claim.

**ANSWER:**

22.     Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which suit was filed.

**ANSWER:**

23.     Please state whether you suffer from any physical or emotional limitations which limit you on a daily basis, either at work or in performing household chores or activities.  If your answer is yes, please identify, specifically, the nature of the physical or emotional limitation, the extent to which it limits you, the date such physical or emotional limitation began, and the name, address and telephone number of any doctors with whom you have treated for this physical or emotional condition.

**ANSWER:**

CASE NO.: 2016 CA 001833

## **VERIFICATION PAGE**

STATE OF _____

COUNTY OF _____

    I, RICHARD PITMAN, do hereby depose and state that the answers set forth to the foregoing interrogatories are true and correct.

    Dated this _____ day of _____, 2017.

_____

RICHARD PITMAN

    SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2017, by RICHARD PITMAN, who is personally known to me or who has produced _____ as identification.

_____

NOTARY PUBLIC
My Commission Expires:
Serial/Commission No.:

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 890 SOUTH PALAFOX STREET, SUITE 200 - PENSACOLA, FLORIDA 32502  -  (850) 483-5900 (850) 438-6969 FAX