UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TOMMIE PITMAN and RICHARD
PITMAN,

    Plaintiffs,

v.                                          Case No.: 3:17-CV-78

KIMBERLY WEAVER and
SOUTHERN OWNERS
INSURANCE COMPANY,

    Defendants.

## RULE 26 MEETING REPORT

Plaintiffs and Defendant, through their undersigned counsel, pursuant to this Court's initial scheduling order, hereby submit this joint report of their attorney conference and move to amend the initial scheduling order as follows:

**1)** *Conference*. The following persons participated in a Rule 26(f) conference on **March 24, 2017** by electronic mail:

    **Courtney F. Smith, representing Defendant Kimberly Weaver**

    **Candace L. Enfinger-Blackmon, Paralegal, on behalf of David Lee Sellers, representing the Plaintiffs**

**2)** *Initial Disclosures*.

    The parties will complete by **May 15, 2017** the initial disclosures

   **required by Rule 26(a)(1).**

3) *Discovery Plan*. The parties propose this discovery plan:

   (a) Discovery will be needed on these subjects:

   **By Plaintiff: All aspects of the Complaint filed by Plaintiff.**

   **By Defendants: All defenses set forth by Defendants.**

   (b) Dates for commencing and completing discovery, including discovery to be commenced or completed before other discovery: **Discovery to commence immediately and be complete 120 days prior to the trial date.**

   (c) Maximum number of interrogatories by each party to another party, along with the dates the answers are due: **To be governed by Local and Federal Rules of Civil Procedure.**

   (d) Maximum number of requests for admission, along with the dates responses are due: **To be governed by Local and Federal Rules of Civil Procedure.**

   (e) Maximum number of depositions by each party: **Each party shall be limited to 6 depositions; however, the parties will not unreasonably withhold consent to additional depositions if a reasonable need for the same should arise.**

   (f) Limits on the length of depositions, in hours: **Each party shall be**

        **limited to 8 hours of deposition testimony; however, the parties will not unreasonably withhold consent to additional deposition time if a reasonable need for the same should arise.**

  (g)    Dates for exchanging reports of expert witnesses: **Plaintiff's expert report shall be due on <u>June 26, 2017</u>, and Defendants expert reports shall be due 30 days after Plaintiff submits its expert report.**

  (h)    Dates for supplementations under Rule 26(e): **The parties shall update their discovery responses pursuant to Rule 26(e) and shall provide any supplementation not more than 45 days prior to the close of discovery.**

**4)**   <u>*Other Items*</u>:

  (a)    Date to meet with the court before a scheduling order: **The parties request a telephone conference with the Court only if the Court does not find the instant proposal regarding discovery acceptable. If the instant proposal regarding discovery is acceptable, no such conference is requested.**

  (b)    Requested dates for pretrial conferences: **45 days before trial.**

  (c)    Final dates for the plaintiff to amend pleadings or to join parties: **<u>June 16, 2017</u>.**

  (d)    Final dates for the defendant to amend pleadings or to join parties: **<u>July</u>**

**17, 2017.**

(e) Final dates to file dispositive motions: **Not later than 21 days after the close of discovery.**

(f) State the prospects for settlement: **Settlement is probable.**

(g) Identify any alternative dispute resolution procedure that may enhance settlement prospects: **The parties propose a mediation deadline of June 16, 2017.**

(h) Final dates for submitting Rule 26(a)(3) witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists: **The Rule 26(a)(3) requirements set forth in this Court's Initial Scheduling Order are acceptable.**

(i) Final dates to file objections under Rule 26(a)(3): **The requirement set forth in Rule 26(a)(3) is acceptable.**

(j) Suggested trial date and estimate of trial length: **Second full week of December, 2017. The parties believe that 5 days will be needed for trial, exclusive of jury selection.**

(k) Other matters:  **None.**

5) *Initial Scheduling Order Matters*

    (a) Magistrate Judge:  **The parties have conferred regarding the use of a magistrate judge.**

(b)  Basis for claims and defenses:

**Plaintiff's Claims:**

Plaintiffs seek damages allegedly stemming from a motor vehicle accident involving Plaintiff Tommie Pitman and Defendant Kimberly Weaver, on the evening of January 10, 2014. Plaintiff Tommie Pitman asserts that she was operating her motor vehicle in a safe and prudent manner and was slowing for traffic while traveling east on Olive Road in Pensacola, Escambia County, Florida. Plaintiff Tommie Pitman further claims that Defendant Kimberly Weaver was operating her motor vehicle immediately behind Plaintiff Tommie Pitman's motor vehicle on East Olive Road and failed to use reasonable care by crashing into the rear of Plaintiff Tommie Pitman's motor vehicle as she slowed for traffic in front of her. As a result, Plaintiff Tommie Pitman allegedly suffered permanent or continuing bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of aspects of her life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, aggravation of a previously existing condition, and will continue to suffer such losses in the future. Plaintiff Richard Pitman asserts that the motor vehicle

5

accident caused him to suffer loss of consortium, loss of society, affection, assistance, and conjugal fellowship of his wife, to the detriment of their marital relationship.

**Defendant's Defenses:**

Defendant Kimberly Weaver denies each and every allegation in Plaintiffs' Complaint and raises the following affirmative defenses: failure to state a cause of action; the nature of the incident as an unavoidable consequences and/or a sudden emergency; failure of Plaintiff Tommie Pitman's claims to cross the threshold of the Florida Automobile Reparations Reform Act and are therefore barred pursuant to Florida Statute §627.737, et. seq.; Plaintiff Tommie Pitman's comparative negligence and failure to use reasonable care or conduct herself in a safe manner; Plaintiff Tommie Pitman's failure to use an available and operational seatbelt; Plaintiff Tommie Pitman's failure to mitigate alleged damages by failing to avail herself of reasonable medical treatment; the nature of Plaintiff Tommie Pitman's claimed injuries or damages as a continuation of pre-existing medical conditions and unrelated to any act or omission of Defendant Kimberly Weaver; Defendant Kimberly Weaver's entitlement to receive a

        set-off for compensation paid to Plaintiff Tommie Pitman by collateral sources; Defendant Kimberly Weaver's entitlement to an apportionment of damages, if any, in relation to the degree of fault of the parties or others; and Defendant Kimberly Weaver's entitlement to the benefit of write-offs and/or adjustments of medical expenses.

(c)    Prompt Settlement: **The parties will conduct initial discovery and agree to a <u>June 16, 2017</u> mediation deadline.**

(d)    The time for joinder and amendment to pleadings: **See Paragraph 4(c)-(d) above.**

(e)    Discovery requirements: **See Paragraph 3(b) above.**

(f)    Electronic/digital discovery: **To the extent any electronically stored information exists, the parties will exchange the electronically stored information in a readable format either by producing paper copies of the information or by producing the electronically stored information in a mutually agreeable electronic format via email, CD, or thumb-drive. The parties may enter into a confidentiality agreement that will relate to electronic/digital information.**

(g)    Trial date: **See Paragraph 4(j) above.**

(h)    Other matters: **None.**

(i) Manual for Complex Litigation: **No.**

**Date: March 27, 2017**

| | |
|---|---|
| s/ *Courtney F. Smith* | s/ *David Sellers* |
| RANDALL G. ROGERS | DAVID SELLERS, ESQ. |
| Florida Bar No.: 195626 | 919 North 12th Avenue |
| COURTNEY F. SMITH | Pensacola, Florida 32501 |
| Florida Bar No. 67388 | david@davidleesellers.com |
| Cole, Scott & Kissane, P.A. | dlsservice@davidleesellers.com |
| 890 South Palafox Street, Suite 200 | *Attorney for Plaintiffs* |
| Pensacola, Florida 32502 | |
| (850) 483-5900 | |
| randall.rogers@csklegal.com | |
| courtney.smith@csklegal.com | |
| roxane.hale@csklegal.com | |
| *Attorney for KIMBERLY WEAVER* | |